IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Tampa Division

Case No. _____

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

Plaintiff,

v.

THE GLENRIDGE ON PALMER
RANCH, INC.

Defendant.

_____/

COMPLAINT

JURY TRIAL DEMANDED

## PLAINTIFF UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S COMPLAINT AND DEMAND FOR JURY TRIAL [INJUNCTIVE RELIEF REQUESTED]

This is an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k); Title I of the Civil Rights Act of 1991; and 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of sex (female) and to provide appropriate relief to the Charging Party Michelle Fredericks, who was adversely affected by such practices. Plaintiff the United States Equal Employment Opportunity Commission alleges that Defendant The Glenridge on Palmer Ranch, Inc. ("Glenridge") discriminated against Fredericks by failing to select her for a dining room supervisor position because she might become pregnant, a condition of her sex (female).

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331,

1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida, Tampa Division.

## PARTIES

3.      The United States Equal Employment Opportunity Commission ("EEOC" or "Commission") is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Glenridge, a non-profit corporation, has continuously been doing business in the State of Florida and has continuously had at least fifteen (15) employees.

5.      At all relevant times, Glenridge has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEEDINGS

6.      More than thirty days prior to the institution of this lawsuit, Michelle Fredericks filed a Charge of Discrimination with the EEOC alleging that Glenridge violated Title VII by discriminating against her on the basis of sex.

7.     Prior to the institution of the lawsuit, EEOC found reasonable cause that Title VII had been violated when Glenridge failed to hire and/or promote Fredericks because of her sex. On June 5, 2018, EEOC issued a Letter of Determination to Glenridge providing notice of that finding. The Letter of Determination invited Glenridge to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8.     EEOC and Glenridge had communications in an attempt to conciliate.

9.     On August 9, 2018, EEOC, having been unable to secure an agreement acceptable to the EEOC, issued Glenridge a Notice of Failure of Conciliation.

10.    All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

11.    Glenridge operates a retirement community that provides long-term care, rehabilitation, and other services to residents at a facility in Sarasota, Florida.

12.    At all times since January 1, 2015, Glenridge has had more than 200 employees.

13.    Fredericks began working at Glenridge in December 2007 in its Dining Department as a server.

14.    During her employment at Glenridge, Fredericks worked in several positions in the Dining Department including as a server, busser, bartender, and food purchasing clerk and performed the duties of other positions as needed.

15.    Throughout her employment, Fredericks successfully performed her positions.

3

16.     In 2015, there was a vacancy for a dining supervisor position at Glenridge.

17.     Glenridge managers informed Fredericks of the dining room supervisor position opening and encouraged her to apply for it.

18.     Fredericks was qualified for a dining supervisor position, having had over nine (9) years' experience in Glenridge's Dining Department and an Associate's Degree.

19.     Prior to Fredericks's application for the position, Theresa Irwin, a manager in Glenridge's Dining Department, contacted Fredericks to discuss the position.

20.     Irwin asked Fredericks, "[W]hen do you plan on having another baby?"

21.     Irwin explained, "With this position it doesn't leave a lot of time off for long periods of time."

22.     Fredericks told Irwin that, while she was not actively trying to get pregnant, she could not guarantee that she would never have another child.

23.     On September 1, 2015, Fredericks applied for the dining supervisor position by providing Glenridge with a paper application.

24.     Glenridge failed to interview Fredericks for the dining supervisor position.

25.     Glenridge terminated Fredericks on September 4, 2015.

26.     Glenridge hired Katherine Tuduri for the dining room supervisor position.

27.     Glenridge did not believe Ms. Tuduri would become pregnant while working as the dining room supervisor.

28.     On September 13, 2015, Tuduri began work as the dining room supervisor.

29.     Glenridge failed to hire or promote Frederick to the dining supervisor position.

4

30.    Fredericks suffered damages including, but not limited to, the pain and humiliation of being denied a position for which she was qualified.

## STATEMENT OF CLAIMS

31.    Paragraphs 11 through 30 are incorporated herein.

32.    Glenridge engaged in unlawful employment practices in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2, by failing to hire Charging Party Michelle Fredericks because of her potential to become pregnant, a condition of her sex (female).

33.    Glenridge engaged in unlawful employment practices in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2, by failing to promote Fredericks because of her potential to become pregnant, a condition of her sex (female).

34.    The unlawful practices complained of in paragraphs 11 through 30 were intentional and caused Michelle Fredericks to suffer emotional distress including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation and/or physical damages.

35.    The unlawful employment practices, complained of in paragraphs 11 through 30 above, were intentional and were done with malice or with reckless indifference to the federally protected rights of the Michelle Fredericks.

## PRAYER FOR RELIEF

Wherefore, the Equal Employment Opportunity Commission respectfully requests that this Court:

A.    Declare that Glenridge violated Title VII by discriminating against Charging Party Michelle Fredericks based on her sex;

5

B.      Grant a permanent injunction enjoining Glenridge, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from making employment decisions (including hiring, firing, and promoting) based on sex (female) and gender;

C.      Order Glenridge to institute and carry out policies, practices, and programs which provide equal employment opportunities for female pregnant employees and which eradicate the effects of its past and present unlawful employment practices;

D.      Order Glenridge to institute a training program for all managers and supervisors who participate in the hiring practice to ensure compliance with federal laws and company policies on nondiscrimination in the hiring process;

E.      Order Glenridge to make whole Charging Party Michelle Fredericks who was not hired or promoted based on her sex (female) by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of these unlawful employment practices including, but not limited to, instatement to a dining room supervisor or equivalent supervisor position in the Dining Department or front pay in lieu thereof;

F.      Order Glenridge to make whole Charging Party Michelle Fredericks whom Glenridge failed to hire or promote based on her sex (female) by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 11 through 30 above including, but not limited to, job search expenses and the like, in amounts to be determined at trial;

6

G.      Order Glenridge to make whole Charging Party Michelle Fredericks whom

Glenridge failed to hire or promote based on her sex (female) by providing compensation for

past and future nonpecuniary losses resulting from the unlawful practices complained of in

paragraphs 11 through 30 above including, but not limited to, emotional and/or physical pain,

suffering and mental anguish, humiliation, and loss of enjoyment of life, and the like, in

amounts to be determined at trial;

H.      Order Glenridge to pay Charging Party Michelle Fredericks punitive damages

for its malicious and reckless conduct, as described in paragraphs 11 through 30 above, in

amounts to be determined at trial;

I.      Grant such further relief as the Court deems necessary and proper in the

public interest; and

J.      Award the Commission its costs of this action.


Dated:   September 21, 2018            Respectfully submitted,

                                       JAMES L. LEE
                                       Deputy General Counsel

                                       GWENDOLYN YOUNG REAMS
                                       Associate General Counsel

                                       U.S. EQUAL EMPLOYMENT
                                       OPPORTUNITY COMMISSION
                                       131 M. Street, N.E.
                                       Washington, DC 20507

                                       ROBERT WEISBERG
                                       Regional Attorney
                                       Florida Bar No. 285676

                                       KIMBERLY A. CRUZ

7

Supervisory Trial Attorney
Florida Bar No. 153729

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Miami District Office
100 S.E. 2nd Street, Suite 1500
Miami, FL 33131

BRANDI L. MEREDITH
Trial Attorney
Florida Bar No. 27668

CHELSAE JOHANSEN FORD
Trial Attorney
Florida Bar No. 106029

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Tampa Field Office
501 E Polk Street, Suite 1000
Tampa, FL 33602