IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION,

          Plaintiff,

v.                                Case No.: 8:18-cv-02340-T02-CPT

THE GLENRIDGE ON PALMER RANCH, INC.,

          Defendant.

_____/

## CONSENT DECREE

The Consent Decree ("Decree") is made and entered into by and between Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") and Defendant The Glenridge on Palmer Ranch ("Glenridge").

### INTRODUCTION

1. The EEOC filed this action on September 21, 2018, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a, to correct alleged unlawful employment practices on the basis of sex and to seek relief for Michelle Fredericks.

2. The EEOC alleged that Glenridge violated Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, by failing to hire or promote Michelle Fredericks for the position of Dining Room Supervisor based on her sex, female, and that unlawful employment practices complained of were intentionally done with malice and/or reckless indifference to the federally protected rights of Mrs. Fredericks. The Glenridge on

1

Palmer Ranch denies the EEOC's allegations of discrimination and asserts that it previously accommodated Michelle Fredericks's prior maternity leave.

3. In order to resolve the disputes between them regarding this action and to avoid further litigation, the parties have elected to enter into this Consent Decree.

## NO ADMISSION OF LIABILITY

4. It is understood and agreed that Consent Decree is a full compromise of disputed claims, and that neither this Consent Decree and Settlement Agreement nor the payment pursuant to this agreement shall be construed as an admission of any wrongdoing or liability by The Glenridge.

## EFFECTIVE DATE

5. The Effective Date of this Decree is the date on which the Court gives final approval to the Decree by entering it on the Court docket after motion and hearing, if required.

## GENERAL PROVISIONS

6. This Decree fully and finally resolves the claims asserted in the Complaint filed by the EEOC in this action styled *EEOC v. The Glenridge on Palmer Ranch, Inc.*, Case No. 8:18-cv-02340-T02-CPT, in the United States District Court, Middle District of Florida, on September 21, 2018. Such action was brought based on the allegations contained in EEOC Charge Number 511-2016-00117.

7. The Parties acknowledge that this Decree does not resolve any other Charges of Discrimination that may be pending with EEOC against Glenridge. This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in

existence or may later be filed against Glenridge in accordance with standard EEOC procedures.

8. If one or more provisions of this Decree are rendered unlawful or unenforceable, the Parties shall attempt to agree upon what amendment to this Decree, if any, is appropriate to effectuate the purposes of the unlawful or unenforceable portion of this Decree. In any event, the unaffected provisions will remain enforceable.

9. No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties. By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of this Decree.

10. Nothing in this Decree shall be construed to limit or reduce Glenridge's obligation to comply with the statutes enforced by EEOC: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., ("Title VII"), Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, as amended, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§621-633a, the Equal Pay Act ("EPA"), 29 U.S.C. §206(d), and the Genetic Information Nondiscrimination Act of 2008 ("GINA"), 42 U.S.C. § 2000f.

## FINDINGS

11. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record and stipulations of the Parties, the Court finds the following:

   a. This Court has jurisdiction over the subject matter of this action and the Parties;

   b. The terms of this Decree are adequate, reasonable, equitable, and just, and the rights of the Parties, and the public interest are adequately protected by this Decree; and

   c. The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, successors, and assigns of Glenridge.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

## DURATION OF THE DECREE & JURISDICTION

12. All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of three (3) years after the Effective Date, provided, however, that if, at the end of the three-year period, any disputes regarding compliance remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

13. No party shall contest the jurisdiction of this Federal Court to enforce this Decree and its terms or the right of EEOC to bring an enforcement suit upon alleged breach of any term(s) of this Decree;

## CHARGING PARTY'S RELIEF

14. In settlement of this lawsuit, Glenridge shall pay the total sum of $70,000 ($65,000 in 1099 income and $5,000 in W-2 income). This sum shall be the full and final amount Glenridge shall pay to settle claims brought by the EEOC in this lawsuit based on EEOC Charge of Discrimination No. 511-2016-00117.

15. One check made payable to the "Aker Law Firm P.A. Trust Account" in the amount of $65,000 shall be hand delivered or mailed via overnight mail no later than fourteen (14) days from the Effective Date to: Dusty Aker, Esq., 240 S. Pineapple Ave., Suite 803, Sarasota, FL 34236. At the same time, an additional check for $5,000 (less normal payroll tax withholdings) made payable to Michelle Fredericks shall also be delivered to the Aker Law Firm.

16. Glenridge will issue an I.R.S. Form 1099 and Form W-2 to Mrs. Fredericks for the above listed amounts and send them to the address listed above.

17. If Glenridge fails to tender payment as described in paragraphs 14 and 15, above, then Glenridge shall pay interest on the defaulted payment at the rate calculated pursuant to 26 U.S.C. § 6621(b) until the same is paid, and bear any additional costs incurred by the EEOC caused by the non-compliance or delay of Glenridge.

18. Copies of all payments made pursuant to paragraphs 14 and 15 above, and the I.R.S. Form 1099 and Form W-2 referred to in paragraph 16, shall be forwarded to "Robert E. Weisberg, Regional Attorney, Re: Glenridge Consent Decree" at U.S. Equal Employment Opportunity Commission, 100 S.E. 2nd Street, Suite 1500, Miami, Florida 33131 and/or robert.weisberg@eeoc.gov and chelsae.ford@eeoc.gov.

19. If Glenridge provides a reference relating to Michelle Fredericks, Glenridge will make no mention of the charge of discrimination nor the lawsuit.

20. Glenridge further agrees that Michelle Fredericks will not be penalized for filing the charge of discrimination and she shall be eligible to apply for consideration for future positions with Glenridge for which she believes she is qualified. Glenridge will evaluate Fredericks for hire as it would any other qualified candidate.

## INJUNCTION

21. <u>No discrimination</u>. Glenridge and its officers, managers, supervisors, employees, agents, successors, and assigns shall not consider female employees' pregnancy or ability to become pregnant in hiring and promotion decisions.

22. <u>No retaliation</u>. Glenridge, its officers, managers, supervisors, agents, employees, successors in interest, and all persons acting in concert with them or on their behalf, shall ensure that applicants or employees are not subject to retaliation for opposing any hiring practice made unlawful by Title VII; filing a charge of discrimination on the basis of sex; or assisting in any investigation, proceeding, or hearing in connection with any charge of discrimination or complaint of sex discrimination.

## ONGOING COMMITMENT TO EQUAL EMPLOYMENT OPPORTUNITY

23. Within thirty (30) calendar days of the Effective Date, Glenridge will adopt, disseminate, implement and maintain a policy that prohibits discrimination on the basis of sex, including pregnancy. The policy shall explicitly state that: (1) pregnancy discrimination is a form of sex discrimination; and (2) sex discrimination in promotion and hiring is prohibited and will not be tolerated. The policy must also include clear procedures for making a complaint

of discrimination, including the name(s) and contact information of the person(s) responsible for receiving complaints. The policy shall be distributed to all current employees within thirty (30) days of its adoption and shall be given to all new employees within ten (10) days of hire during the duration of this Decree. If Glenridge includes the policy within a handbook and distributes the new policy as part of a handbook, Glenridge's distribution of the handbook to current employees shall include a written statement that "As part of its ongoing commitment to equal opportunity, The Glenridge on Palmer Ranch has updated its policy prohibiting discrimination on the basis of sex, including pregnancy. Please see the updated policy on page [page numbers]."

24. Within thirty (30) days of the Effective date, Defendant will review its hiring policies and practices to ensure that applicants have equal opportunities regardless of their sex and/or ability to become pregnant. These policies and practices shall include the posting of all job vacancies for at least ten (10) days in a conspicuous place in the facility (e.g., in the Human Resources Department on a bulletin board), a process or drop-off box for employees to deliver or forward their applications to Human Resources for review and processing, and the maintenance of the application and interview materials, including notes, scoresheets, or correspondence about an applicant (if any exist), for a period of three (3) years. EEOC shall have a right to inspect these materials at a time that is mutually convenient for EEOC and Glenridge and upon ten (10) days' written notice.

25. On an annual basis during the duration of this Decree, the CEO shall make a video-recorded or audio-recorded executive message to the Glenridge workforce regarding the importance of equal employment opportunity and diversity in hiring and promotion. The

message may be delivered by e-mail to employees and shall include information about Glenridge's EEO policies and reporting procedures adopted pursuant to Paragraph 23.

26. Within thirty (30) calendar days of the Effective Date, Glenridge will complete the following steps relating to its job advertisements and applications for positions in all programs:

    a. Glenridge shall direct managers or third-party vendors to include the following language in all job advertisements: "Glenridge is an Equal Opportunity Employer." The failure of an individual manager or third-party vendor to include such language shall not be deemed a violation of the Decree, provided that Glenridge takes prompt corrective action upon notice that a job advertisement is not compliant.

    b. Each application, whether paper or electronic, shall include the following language:

**GLENRIDGE IS AN EQUAL OPPORTUNITY EMPLOYER. QUALIFIED APPLICANTS WILL RECEIVE CONSIDERATION WITHOUT REGARD TO AGE, RACE, RELIGION, SEX (PREGNANCY, SEXUAL ORIENTATION, GENDER IDENTITY) NATIONAL ORIGIN, OR DISABILITY. WE ENCOURAGE ALL QUALIFIED APPLICANTS TO APPLY. IF YOU BELIEVE YOU HAVE BEEN DISCRIMINATED AGAINST, PLEASE CONTACT SUNYA WILSON, HUMAN RESOURCES. YOU ALSO HAVE THE RIGHT TO FILE A CHARGE OF DISCRIMINATION WITH THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION.**

## TRAINING

27. Upon execution of this Decree, Glenridge shall provide three (3) hours of live training on sex discrimination as described in paragraph 31 below on an annual basis for its human resources and managers with hiring authority.

28. The initial training shall take place within sixty (60) calendar days of the Effective Date.

29. Glenridge shall retain, at its own expense, a subject matter expert ("SME") on sex discrimination to conduct the training sessions. The proposed SMEs shall be identified to the EEOC within thirty (30) days of the entry of this Decree, and Glenridge must obtain the EEOC's agreement on the SME. The EEOC's agreement on an SME will not be unreasonably withheld.

30. The training shall include, but is not limited to, the following: (1) an explanation of the prohibition against discrimination based on sex and pregnancy or future pregnancy; (2) an explanation of the prohibition against retaliation under Title VII of the Civil Rights Act of 1964 including, but not limited to, Glenridge's complaint and investigation procedures, what constitutes retaliation for opposing discrimination or making a charge, testifying, assisting, or participating in any manner in investigations, proceedings, or hearings concerning discrimination or retaliation; and (3) an explanation on how to avoid discrimination in interviewing and hiring including, but not limited to, sex-neutral and non-discriminatory recruiting, interviewing, and hiring and training on how to avoid stereotypes, including sex-based stereotypes and gender-role stereotypes, in hiring, promotions and in the workplace, and

a description of the types of questions that should not be asked of applicants and/or interviewees.

31. Glenridge agrees that the EEOC, at its discretion, may attend training sessions required by this Consent Decree. Glenridge will provide the EEOC with at least ten (10) days' advance notice of the time, date, and location of each training. The notice shall be sent to Robert E. Weisberg, Regional Attorney and Chelsae Ford with the subject line "Glenridge Consent Decree" at robert.weisberg@eeoc.gov and chelsae.ford@eeoc.gov. Glenridge also agrees to notify the EEOC of any scheduling changes.

32. Within seven (7) days of the completion of each training session, Glenridge will notify the EEOC in writing of the completion of the date of the training session and the name and job title of each person who attended the training. Glenridge will also provide copies of all written or visual materials provided to the participants of the training sessions. This information shall be sent to Robert E. Weisberg, Regional Attorney, and Chelsae Ford with the subject line "Glenridge Consent Decree" at robert.weisberg@eeoc.gov and chelsae.ford@eeoc.gov.

## NOTICE

33. Within ten (10) business days after the Effective Date of this Decree, Glenridge will post copies of the Notice attached as Exhibit A on the board holding other EEOC notices and on any board in a meal area or cafeteria (or in any other conspicuous location if none exist in that area). The Notices shall be at least eleven by fourteen inches and laminated. The Notices will remain posted for the duration of this Decree. Glenridge will take reasonable steps to ensure that the postings are not altered, defaced or covered by any other material. Glenridge

will certify to the EEOC in writing within fourteen (14) business days after the Effective Date of the Decree that the Notices have been properly posted.

## MONITORING AND REPORTING

34. Glenridge will provide to the EEOC a written report twice annually detailing complaints of discrimination or retaliation made by Glenridge employees, which shall include all complaints whether verbal or written, formal or informal. The reports shall be due biannually on June 30 and December 31 and shall include a description of the nature of each complaint received, including the name and title of the alleged discriminator, name of the applicant or employee making the complaint, relevant dates, and what action (if any) Glenridge took in response to the complaint. If there are no complaints of discrimination or retaliation, Glenridge shall indicate the same.

35. Glenridge will provide to the EEOC the following written reports once annually for a period of three (3) years following the Effective Date of this Decree. Glenridge agrees to furnish a total of three (3) reports to the EEOC, even if a deadline for a report falls after the expiration of the Decree. The reports shall be due annually on December 31. Each report shall contain:

   a. A certification that Glenridge has complied with paragraphs 23 – 27 above;
   b. A certification that the Notice required to be posted in paragraph 33 above remained posted during the entire period preceding the Report.

36. Nothing contained in this Decree shall be construed to limit any legal obligation Glenridge may otherwise have to maintain records, including under Title VII and its record keeping regulations.

## NOTICE AND DISPUTE RESOLUTION

37. In the event that either party believes that the other party has failed to comply with any provisions of the Decree, the complaining party shall notify the alleged non-complying party in writing of such non-compliance and afford the alleged non-complying party fourteen (14) calendar days to remedy the non-compliance or satisfy the complaining party that the alleged non-complying party has, in fact, complied. This time period may be extended by the parties by written agreement. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within fourteen (14) calendar days (or such time period as otherwise agreed), the complaining party may apply to the Court for appropriate relief.

## NOTIFICATION OF SUCCESSORS

38. Glenridge shall provide prior written notice of this lawsuit and a copy of the Complaint and this Decree to any potential purchasers, successors, assigns, subsidiaries, affiliates, or any other corporation, entity, or division with which Glenridge may merge or consolidate. All such entities shall be bound by this Decree.

## DOCUMENT AND DATA RETENTION

39. Notwithstanding the expiration of the other provisions of this Decree, for one (1) year after the expiration of the term of this Decree, Glenridge shall retain all documents or data made or kept under this Decree. Glenridge shall provide such documents or data to the EEOC within fourteen (14) days after receiving the EEOC's written request, provided the same is received by Glenridge no later than fourteen (14) days after the expiration of such one-year

period. This information will be sought by EEOC solely for purposes of ascertaining and ensuring compliance with the Consent Decree.

## COSTS AND ATTORNEY'S FEES

40. Each party to this Decree shall bear its own attorneys' fees and costs associated with this litigation and Decree.

41. Glenridge shall bear all costs incurred by the EEOC caused by Glenridge's non-compliance with this decree, including but not limited to any and all costs arising out of EEOC's efforts to remedy any breach in this Court.

**IT IS SO ORDERED** in Tampa, Florida on ___8/8___, 2019.

_____
The Honorable William Jung
United States District Judge

AGREED TO:

FOR PLAINTIFF U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:

BY: _____   Date: August 7, 2019
ROBERT E. WEISBERG

Title: Regional Attorney
U.S. EEOC
Miami District Office
100 S.E. 2nd Street,
Suite 1500
Miami, Florida 33131
Tel: 305-808-1789

13

FOR DEFENDANT THE GLENRIDGE ON PALMER RANCH, INC.:

By: _____   Date: Aug 1, 2019

Title: CEO

As to form:

By: _____   Date: 8/2/19
NEIL F. MCGUINNESS

Title: Counsel for Glenridge
McGuinness & Cicero
1000 Sawgrass Corporate Parkway, Suite 590
Sunrise, Florida 33323
Phone: (954) 626-5064
E-mail: nmcguinness@mc-atty.com

14

# EXHIBIT A

## NOTICE TO ALL GLENRIDGE EMPLOYEES

This Notice is being posted pursuant to a Consent Decree approved by the U.S. District Court, Middle District of Florida, in *EEOC v. The Glenridge on Palmer Ranch, Inc.*, Case No. 8:18-cv-02340-T02-CPT. In this case, the EEOC alleged that Glenridge violated Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, by failing to consider and/or hire a female for the Dining Room Supervisor position based on her sex, female, and possibility of becoming pregnant. Glenridge denies the allegations and does not admit any wrongdoing or fault. As a result of the Consent Decree and Settlement Agreement, Glenridge agreed to display this posting.

Title VII protects individuals from employment discrimination because of their sex. Additionally, Title VII protects employees from discrimination for making charges, testifying, assisting, or participating in enforcement proceedings. Glenridge will not condone employment discrimination of any kind as set forth in federal anti-discrimination laws. It is the policy of Glenridge to offer employment opportunities to all qualified employees and applicants, regardless of sex, race, color, religion, national origin, age, disability, or other protected characteristic. Glenridge does not tolerate intentional discrimination in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended; the Age Discrimination in Employment Act (ADEA); Genetic Information Nondiscrimination Act of 2008 (GINA); or the Equal Pay Act (EPA) of 1963, or the Americans with Disabilities Act (ADA), as amended.

Glenridge assures its employees that it supports Title VII and will not take any action against an individual because he/she has exercised his/her rights under the law to oppose discriminatory acts or to file charges with the EEOC. Appropriate corrective action, up to and including termination, based upon the circumstances involved, shall be taken against any employee (including management personnel) found to have violated Glenridge's policy prohibiting discrimination.

The EEOC enforces the federal laws against discrimination in employment on the basis of disability, race, color, religion, national origin, sex, and age. If you believe you have been discriminated against, you may contact the EEOC at 1(800)669-4000. The EEOC charges no fees and has employees who speak languages other than English.

This Notice must remain posted for three (3) years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice may be directed to: Robert E. Weisberg, Regional Attorney, Re: Glenridge Consent Decree at U.S. Equal Employment Opportunity Commission 100 S.E. 2nd Street, Suite 1500, Miami, Florida 33131 and robert.weisberg@eeoc.gov

Date:                                          _____
                                                    Human Resources Department